UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CARLA F.,<br><br>                    Plaintiff,<br><br>           v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                    Defendant. | CASE NO. 3:19-cv-05951-BAT<br><br>**ORDER REVERSING AND REMANDING FOR FURTHER PROCEEDINGS** |

Plaintiff appeals the portion of the ALJ's decision finding her not disabled before April 16, 2016, contending benefits should be awarded as of April 30, 2011, the date she claims she became disabled. The Commissioner argues the Court should reverse the entire decision. As discussed below, the Court reverses only that portion of the ALJ's decision finding plaintiff not disabled before April 2016, and remands the case for further administrative proceedings limited to whether plaintiff was disabled prior to April 2016.

The parties agree the case should be remanded but disagree over the scope. The Court may remand for an award of benefits where the record is fully developed and additional proceedings would serve no useful purpose; the ALJ failed to provide legally sufficient reasons for rejecting evidence; and if the improperly discredited evidence were credited as true, the claimant would be disabled. The court abuses its discretion by remanding for further proceedings

1  where the record provides no reason to believe the claimant is not in fact disabled. *See Garrison*
2  *v. Colvin,* 759 F.3d 995, 1020, 1023 (9th Cir. 2014).

3  However, only in rare circumstances should a court remand a case for benefits. *Treichler*
4  *v. Colvin* 775 F3.d 1090, 1099 (9th Cir. 2014). Additionally, even when the three *Garrison*
5  requirements are met, the Court retains the discretion to determine the proper remedy. For
6  instance, the court may remand for further proceedings when the record as a whole creates
7  serious doubts as to whether the claimant is, in fact, disabled. *See Burrell v. Colvin* 775 F.3d
8  1133, 1141 (9th Cir. 2014). If additional proceedings can remedy defects in the original
9  administrative proceedings, the Court should remand a social security case for further
10 proceedings. *McCartey v. Massanari,* 298 F.3d 1072, 1076 (9th Cir. 2002).

11 Plaintiff contends the Court should award benefits for two reasons. First, she first argues
12 because the medical evidence is not definite regarding her onset date and inferences as to that
13 date must be made, the ALJ was required to call a medical expert to determine plaintiff's onset
14 date. The argument calls for new evidence that has not yet been developed or evaluated, and
15 which may, or may not, support plaintiff's claims; it is therefore not a basis upon which the
16 Court may rely to award benefits.

17 Next, plaintiff argues the Court should award benefits because she testified she became
18 disabled in April 2011. This disregards the fact the case involves insufficient medical evidence to
19 assess the onset date and that it should be remanded to develop and consider new medical
20 evidence. The Court cannot know at this juncture whether the new evidence will support
21 plaintiff's testimony or contradict it. And of course if the evidence contradicts plaintiff's
22 testimony it would be a valid basis for the ALJ to reject her claim of an onset date of 2011. The
23 Court accordingly concludes it appropriate to remand the case for further proceedings.

ORDER REVERSING AND REMANDING FOR FURTHER
PROCEEDINGS - 2

1   The scope of remand in this case contains an additional twist: the commissioner's
2   argument the ALJ erroneously found plaintiff became disabled in April 2016. In other words, the
3   Commissioner seeks to appeal in this Court his own final decision that plaintiff is disabled as of
4   April 2016. The Court rejects the argument. This matter is before the Court
5   pursuant to 42 U.S.C. § 405(g). The section is not a vehicle upon which the Commissioner may
6   rely to appeal its own final decisions. Apart from the absurdity of the Commissioner requesting
7   the Court to reverse his own final decision, it is clear only the claimant can obtain judicial review
8   under § 405(g) which states: "Any individual, after any final decision of the Commissioner of
9   Social Security . . . may obtain review of such decision by a civil action . . . ." *Id*.

10   If the Commissioner wished to reverse the ALJ, he had the opportunity to do so **before**
11   the ALJ's decision became the Commissioner's final decision The Appeals Council may sua
12   sponte review an ALJ's decision within sixty days of the decision. *See* 20 C.F.R. § 404.969(a)
13   ("Anytime within 60 days after the date of a decision or dismissal that is subject to review under
14   this section, the Appeals Council may decide on its own motion to review the action that was
15   taken in your case."). Once the Appeals Council decides not to review the ALJ's decision, that
16   decision becomes binding and constitutes a final decision for purposes of 42 U.S.C. § 405(g).
17   *See* 20 C.F.R. § 404.981. Hence, the Commissioner had the unconstrained opportunity to
18   overturn the ALJ's determination at the agency level but failed to seize it.

19   The law requires parties to do things in the right way and at the right time. The
20   Commissioner's attempt to reverse his own final decision violates both of these requirements.
21   The ALJ, the Appeals Council, and the Commissioner are all one entity under the Social Security
22   Administration. The ALJ, found the claimant disabled as of April 2016. The Appeals Council, on
23   the agency's behalf, made the ALJ's decision the commissioner's final decision by not

ORDER REVERSING AND REMANDING FOR FURTHER
PROCEEDINGS - 3

1  overturning it. If the Commissioner wished to reach the decision it now seeks in this Court and
2  reverse the partially favorable determination, he could have done so at any time **before** he made
3  the ALJ's decision the final decision. As he failed to do so, the Court rejects the Commissioner's
4  request to this Court to overturn the ALJ's finding of partial disability and remand the disability
5  finding for further proceedings. The Court accordingly affirms the portion of the ALJ's final
6  decision finding plaintiff is disabled as of April 30, 2016, and directs that it be left undisturbed
7  on remand.

8  In conclusion, the Court **REVERSES** the Commissioner's final decision and
9  **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. §
10 405(g). On remand, the ALJ shall obtain the services of a medical expert to determine plaintiff's
11 onset date; as needed the ALJ shall develop the record, reassess plaintiff's testimony, and
12 redetermine plaintiff's residual functional capacity, and proceed to the remaining steps as
13 appropriate. The Court orders the ALJ's partially favorable determination that plaintiff is
14 disabled as of April 30, 2016 be undisturbed on remand.

15 DATED this 25th day of June, 2020.

BRIAN A. TSUCHIDA
Chief United States Magistrate Judge